## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@morrisnichols.com

March 4, 2021

The Honorable Christopher J. Burke                                   *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *Speyside Medical, LLC v. Medtronic Corevalve, LLC, et al.*
      C.A. No. 20-361 (LPS)

Dear Judge Burke:

We write on behalf of plaintiff Speyside Medical concerning Your Honor's March 2, 2021 Oral Order (D.I. 88) denying defendants' motion to compel discovery. At the argument on Monday, Speyside's counsel stated that "there's no license agreement with any litigation funder." (Tr. 35:11-19.)  That was in response to Medtronic's focus on the *Uniloc* case, which involved the grant of a license to a third-party funder. Your Honor's Order, however, attributed to Speyside's counsel a broader statement than "no license agreement" (i.e., "a clause that grants the third-party funder(s) some type of actual or conditional ownership/license to the patents-in-suit in some scenario").

Given the Court's statement, we wanted to make the record on this point clear. The funder has no ownership interest or license to the patents. The funding agreement does, however, include a provision giving the funder a security interest in the patents to secure performance of that agreement.  But that secured interest has not been exercised, and it is not automatically triggered by any event (as in the *Uniloc* case). Speyside Medical reiterates its offer to submit the funding agreement for *in camera* inspection in the event that the Court would like to review its terms to confirm Speyside Medical's proper standing.

Respectfully,

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

JBB/bac

cc:   All Counsel of Record (via electronic mail)