

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

June 1, 2023

**BY CM/ECF**

The Honorable Christopher J. Burke         **PUBLIC VERSION**
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re: *Speyside Medical, LLC v. Medtronic Corevalve, LLC, et al.,*
           C.A. No. 20-361-GBW-CJB

Dear Judge Burke:

    Defendants Medtronic, Inc. and Medtronic CoreValve, LLC ("Medtronic") submit this letter regarding Plaintiff Speyside Medical, LLC's ("Speyside") refusal to run Medtronic's proposed search terms for email discovery. *See* D.I. 267.

    **Background of the Dispute**. In July 2021, Speyside agreed to run a set of search terms against its email custodians. Those email custodians included Jeffrey Cohen (Speyside CEO and Founder) and Gordon Bishop (Speyside CTO and inventor on the patents-in-suit). Ex. 1. By March 2023, however, Speyside had only produced a handful of emails to or from Jeffrey Cohen.

[REDACTED]

On April 6, Speyside dismissed these complaints, insisting that it "produced the responsive, non-privileged emails that hit on the agreed upon search terms," and that it did not intend to revisit that production. Ex 3. However, while reviewing a third-party production, Medtronic discovered emails with Mr. Cohen that: (1) Speyside had not produced; and (2) hit on the search terms Speyside allegedly applied. This made clear that there were in fact gaps in Speyside's production. Ex. 4 (informing Speyside of the discrepancy).

    On April 21, Speyside admitted that it had failed to properly run the search terms, blaming a "vendor error." Ex. 5. Medtronic responded the next business day to propose a slightly expanded set of search terms for Speyside to apply when re-doing its email searches. Ex. 6.

    Medtronic's additional search terms fall into two categories: (1) additional variations of existing search terms, which should cause no additional burden (Nos. 1, 6, 7), and (2) newer search terms based on the progression of the case and the parties' positions (Nos. 4, 8, 9, 10). For example, Medtronic has added search terms related to a competitor device and related portfolio of patents, because Speyside has made clear that it intends to rely on a license related to that device. D.I. 255. Speyside refused to even consider Medtronic's proposed additional search terms. *See* Delaware Default Standard for Discovery, Section 5(b) ("Default Standard"). Speyside did not run them, provide hit counts, or explain how or why they would pose an additional burden if included with the prior terms.

    On May 1, 2023, Speyside produced an additional 1,528 documents, over 13,000 pages,

The Honorable Christopher J. Burke
June 1, 2023
Page 2

with 690 emails from Mr. Cohen. This was a substantial additional production: prior to that date, Speyside had produced just 15 emails with Mr. Cohen as custodian.

**Speyside Should be Compelled to Run Medtronic's Additional Search Terms.** Speyside has taken the hardline position that it will not revisit the 2021 agreement regarding search terms, regardless of the fact that Speyside did not honor that agreement. Ex. 7. Even though Speyside failed to timely produce hundreds of emails from its main custodians that would have resulted from the original search terms, in Speyside's view, the agreement remains binding on Medtronic. Speyside has made no attempt to outline the burden that running the few additional search terms will pose, even though Speyside has had to re-run all its searches regardless. Speyside's refusal to even test Medtronic's additional proposed search terms is prejudicial to Medtronic and in violation of the rules.

In addition to its obligations to respond to Medtronic's requests for production pursuant to Federal Rules of Civil Procedure 26 and 34, Speyside was required by the Default Standard to "use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information." Default Standard, Section 1(b); *see also Feenix Payment Sys., LLC v. Steel Cap. Mgmt., LLC*, No. CV 20-1519-MAK, 2021 WL 3862008, at *2 (D. Del. Aug. 24, 2021), *report and recommendation adopted*, 2021 WL 3862030 (D. Del. Aug. 26, 2021); *Frontier Commc'ns Corp. v. Google Inc.*, No. CV 10-545-GMS, 2014 WL 12606321, at *4–5 (D. Del. Feb. 3, 2014) (granting motion to compel use of "reasonable search terms"). While mutually-agreed-upon search terms may ordinarily constitute a reasonable effort, there is no dispute that Speyside did not run any terms across their collected data here. *See Eurand, Inc. v. Mylan Pharms., Inc.*, 266 F.R.D. 79, 85 (D. Del. 2010) ("An adequate search is one that could have been expected to produce the information requested." (cleaned up)). The fact that Speyside intended to run the terms in 2021, or ran them over some different data set, does not change the fact that they *were not run* for most of the email. And when it came time to run search terms over the proper data set, Speyside refused to engage to identify a set of terms. *See* Default Standard, Section 1(a) ("Parties are expected to reach agreements cooperatively."); *Feenix*, 2021 WL 3862008, at *2–3 (requiring producing party to disclose hit reports, sample data, and meet and confer if it sought to modify search terms).

No matter the cause of the delay in production, Medtronic is prejudiced. If not for a timely production by a third party that, by chance, revealed additional emails with Mr. Cohen, the error that resulted in the production of over a thousand documents would have remained entirely undiscovered. Before that, Speyside insisted its email production was complete, denying Medtronic access to thousands of emails until May 2023—the same month fact discovery closed—and thereby preventing Medtronic from conducting meaningful discovery in response to these documents. *See Chevron (HK) Limited v. One World Technologies, Inc.*, C.A. No. 19-1293-LPS, Oral Order (D. Del. Aug. 17, 2021) (granting sanctions where documents were not timely produced and noting that "[t]he Court does not subscribe to the view that as long as the requesting party eventually gets the discovery requested, the conduct of the producing party which precedes it is irrelevant." (quoting D.I. 227, Ex. 1 at 33:21-34)).

Speyside should not be rewarded for its technical error: it had to re-run search terms in 2023, so those search terms should have been negotiated in 2023 and should have included Medtronic's additions to relieve any prejudice caused by Speyside's substantial delay.

The Honorable Christopher J. Burke
June 1, 2023
Page 3

                                      Respectfully,

                                      /s/ *Kelly E. Farnan*

                                      Kelly E. Farnan (#4395)

cc:      All Counsel of Record (via CM/ECF)