## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPEYSIDE MEDICAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 20-361-GBW-CJB |
| ) | |
| MEDTRONIC COREVALVE, LLC and ) | **REDACTED** |
| MEDTRONIC, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendants. ) | |

### DEFENDANTS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING PROPOSED ADDITIONAL SEARCH TERMS

OF COUNSEL:

Moez M. Kaba
Christine M. Woodin
Julia Haines
Hueston Hennigan LLP
523 W 6th Street, Suite 400
Los Angeles, CA 90014

Christina V. Rayburn
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

Joseph Bianco
Hueston Hennigan LLP
1 Little West 12th St., Floor 2
New York, NY 10014

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendants*

Dated: June 15, 2023

Dear Judge Burke:

 Medtronic's request that Speyside be ordered to engage on Medtronic's proposed additional search terms should be granted. Speyside's letter attempts to sidestep the fact that Medtronic flagged the paucity of Cohen emails multiple times, and that Speyside wrongly and repeatedly represented that it had produced all "responsive, non-privileged emails that hit on the agreed upon search terms." Speyside did not "investigate the issue" when Medtronic first raised it. *C.f.* D. I. 285 at 2. Instead, Speyside refused to investigate until Medtronic obtained—through a third party—hard proof that Speyside's production had been deficient. This was no small thing: it resulted in the delayed production of over one thousand documents and virtually every single email produced from Speyside's CEO. Even so, Speyside has not explained its purported "error."

 Speyside's letter is focused on a 2021 agreement, but Speyside violated that agreement. Speyside now admits that the 2021 search terms were run "over an incomplete set of data." D.I. 285. As a result, the first search of the remaining data took place in April 2023. And in April 2023, there was no meeting of the minds on search terms: Medtronic immediately requested that Speyside run and test additional search terms. But Speyside refused to engage in any dialogue with Medtronic regarding these terms. The "good cause" for the additional search terms is clear: they represent a more fulsome search for relevant documents, based on evidence gathered in the case. For example, they insert "MDT" as an abbreviation for "Medtronic," because Speyside's custodians use that abbreviation in emails. *See* D.I. 282, Ex. 6; *see also* Ex. 8 (SPEYSIDE0119642). As another example, [REDACTED] As yet another example, they insert terms that discovery in this case has shown are likely to reveal the patentee's early knowledge of prior art. *Id.* (adding Edwards OR sapien OR Anderson OR Cribier OR Spenser).[1] The proposed term "Edwards" and "sapien" are also likely to lead to discovery of documents related to a license on which Speyside intends to rely. In the face of this good cause for adding terms, Speyside cannot show that the terms would impose any additional burden on Speyside; Speyside has refused to even investigate that.

 Speyside had an independent obligation to produce responsive documents and to do so in a reasonable manner, and the caselaw in Medtronic's letter, as well as the Default Standard, emphasize that productive discovery requires cooperation, compromise, and some degree of reciprocity. *Speyside* should have noticed that its initial search only generated 15 hits in Mr. Cohen's emails—and should have investigated why. Speyside's conduct in failing to produce these documents, failing to initially investigate Medtronic's concerns, and then failing to engage with Medtronic on the subsequent search of its production are contrary to the principles underlying the discovery process. Rather than be rewarded for delay and obstinateness, Speyside should be compelled to cooperate and to run Medtronic's proposed additional terms across its "complete" data set.

---

[1] Speyside never conferred on the relevance of the search terms, but Medtronic's believes the proposed terms are likely to produce documents responsive to, at least, Medtronic's Requests for Production Nos. 9, 12, 15, 16, 43, 60, 61, 92, 93, 109, 110, and 111.

The Honorable Christopher J. Burke
June 15, 2023
Page 2

                Respectfully,

                /s/ *Kelly E. Farnan*

                Kelly E. Farnan (#4395)

cc: All Counsel of Record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Jack B. Blumenfeld
Brian P. Egan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Steven C. Cherny
Anne-Raphaëlle Aubry
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue Suite 520
Boston, MA 02199

**BY ELECTRONIC MAIL**
James E. Baker
Brian P. Biddinger
Jared Kneitel
Matthew Robson
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com