

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

October 3, 2023

**BY CM/ECF**
The Honorable Gregory B. Williams
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

Re:   *Speyside Medical, LLC v. Medtronic CoreValve, LLC, et al.*,
C.A. No. 20-361-GBW-CJB

Dear Judge Williams:

I write on behalf of Defendants Medtronic CoreValve, LLC and Medtronic, Inc. ("Medtronic") to request an extension to tomorrow's October 4 deadline for dispositive and *Daubert* motions. This request is necessitated by the outstanding claim construction dispute pending before the Court. D.I. 325 (Order Granting Medtronic's Motion for Additional Claim Construction). Because of the impending deadline to file dispositive and *Daubert* motions, we are proceeding by short letter, but are happy to proceed in another manner if the Court wishes.

**Background**. On August 16, 2023, after receiving Plaintiff Speyside Medical LLC ("Speyside")'s final infringement contentions and opening expert reports, Medtronic moved to strike Speyside's infringement theory for all asserted claims of one of the four Asserted Patents, U.S. 8,377,118 ("the '118 Patent") as contrary to the Court's claim construction, or in the alternative, for additional claim construction ("Motion"). D. I. 303. The parties then proceeded through expert discovery, and have completed all but one expert deposition. Currently, the deadline for dispositive and *Daubert* motions is October 4, with oppositions due October 23 and replies due November 1. D.I. 318.

Yesterday, Magistrate Judge Burke entered an Order denying-in-part and granting-in-part Medtronic's Motion. In particular, the Court granted the additional claim construction briefing requested by Medtronic as to the meaning of the sole independent claim of the '118 Patent. D.I. 325. The Court ordered the parties to meet and confer on a briefing schedule for additional claim construction by October 10. *Id*. Because the scope of Medtronic's anticipated dispositive and *Daubert* motions (and their priority) may change depending on the result of this construction, Medtronic met and conferred with Speyside today to see if the parties could reach agreement to extend the deadlines. Speyside informed Medtronic it opposes any extension.

**An extension is warranted**. As explained in Medtronic's earlier Motion, the claim construction that the Court granted—of the claim term "a length of the carrier element"—is dispositive of infringement of the '118 Patent. Without knowing the outcome of that claim construction, it will be difficult for Medtronic to be thoughtful in filing dispositive and *Daubert* motions, or to rank its dispositive motions by priority, as advised in the Court's model Scheduling Order.

With claim construction still open, the scope of Medtronic's motions and their priority may change, depending on how the claim term in question is construed. For example, Medtronic

The Honorable Gregory B Williams
October 3, 2023
Page 2

intends to move for summary judgment of both non-infringement and invalidity as to the '118 Patent, but the content and ranking of those motions may differ depending on the Court's ruling on this claim term. As another example, the '118 Patent was the first to issue among the Asserted Patents, driving Speyside's damages experts' hypothetical negotiation date, and features prominently in various analyses of its technical experts. If claim construction precludes an infringement finding for the '118 Patent, such a result may drive different, and differently formulated, dispositive and *Daubert* motions than those currently anticipated.

Medtronic proposes the following deadlines to efficiently resolve the claim construction dispute, mitigating the extension required:

- Thursday, October 5: parties to submit a briefing schedule to Magistrate Judge Burke in accordance with D.I. 325 (i.e. moving the deadline earlier).
- No later than Friday, October 13: Speyside to file its opening claim construction brief.
- No later than one week after opening or Friday, October 20: Medtronic to file a responsive claim construction brief.
- One week following an order on claim construction: parties to file their dispositive and *Daubert* motions.

In sum, Medtronic believes this dispute can be efficiently briefed and the parties can move on to dispositive motion practice but seeks to avoid the prejudice from having to proceed without a final claim construction. Medtronic would be particularly prejudiced as the claim construction dispute is driven by Speyside's new infringement theory and Speyside never sought claim construction on a clearly disputed issue.

We understand the Court has a busy schedule and appreciate Your Honor's consideration of this request. To the extent the above is acceptable, we have attached a proposed order.

Counsel are available should Your Honor have any questions.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)