# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Brian P. Egan**
(302) 351-9454
(302) 498-6216 FAX
began@morrisnichols.com

October 3, 2023

The Honorable Gregory B. Williams                 *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re: *Speyside Medical, LLC v. Medtronic Corevalve, LLC et al.*,
          C.A. No. 20-361-GBW-CJB

Dear Judge Williams:

      Speyside respectfully opposes Medtronic's request to extend tomorrow's October 4 deadline for filing summary judgment and *Daubert* motions. D.I. 326. The trial of this matter is scheduled for March 11, 2024, and it is important to keep things in this long-pending case on track for trial.

      First, Judge Burke's recent order granting Medtronic's request for additional claim construction briefing on a single term in one of the four asserted patents does not create a need to disrupt the current case schedule. Medtronic claims that its proposed construction of the term will be dispositive of infringement. If that is the case, there is no reason why Medtronic cannot move for summary judgment based upon its proposed construction now with the parties briefing the claim construction issue in parallel, rather than waiting to file such a motion until after the Court resolves the one claim construction dispute. Speyside proposed this approach, which is not uncommon in this District, during the parties' meet and confer, but Medtronic refused that proposal.

      Second, the timing of the additional claim construction briefing ordered by Judge Burke is an issue entirely of Medtronic's making. Speyside served its final infringement contentions nearly four months ago, on June 14, 2023. Medtronic then waited two months, until August 16, 2023, before moving to strike those contentions (which motion was denied at D.I. 325) and requesting additional claim construction briefing on a term for which Medtronic never previously sought construction. D.I. 303. Moreover, as explained in Speyside's opposition to that motion

The Honorable Gregory B. Williams
October 3, 2023
Page 2

(D.I. 308), Medtronic knew of Speyside's plain meaning interpretation of the term at issue for years but nevertheless failed to raise it earlier as a disputed term in need of construction. Indeed, Speyside understood from Medtronic's counsel's arguments during the IPR for the '118 patent that Medtronic itself understood the claim language in the same way as Speyside did. *Id.* at p. 2.

Third, it is Medtronic that is seeking construction of the term at issue, not Speyside. Medtronic's decision to belatedly raise a claim construction dispute should not disrupt the current case schedule, particularly where this case has now been pending for over three and a half years following a stay for the PTAB to resolve Medtronic's largely unsuccessful IPR petitions. In fact, the parties just recently negotiated an adjustment to the summary judgment and *Daubert* briefing schedule to accommodate issues with expert deposition scheduling (D.I. 318), but Medtronic never proposed at that time that briefing should be delayed until after resolution of Medtronic's new claim construction argument. As such, Medtronic's emergency request appears geared towards further delaying this case as opposed to creating efficiencies in its resolution. Speyside requests that the Court deny Medtronic's request for an extension of the briefing schedule.

Finally, Speyside objects to Medtronic's unilateral proposal for an expedited claim construction briefing schedule. Judge Burke ordered the parties to meet and confer regarding a schedule and submit that proposal to him by October 10. Instead, Medtronic unilaterally submitted its proposal to the Court without raising it with Speyside. Speyside intends to comply with Judge Burke's order and hopes the parties will be able to submit a joint proposal to Judge Burke as requested.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/bac

cc: All Counsel of Record (via electronic mail)