**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPEYSIDE MEDICAL, LLC, | |
| Plaintiff, | C.A. No. 20-361-GBW-CJB |
| vs. | |
| MEDTRONIC COREVALVE, LLC, and MEDTRONIC, INC., | **REDACTED PUBLIC VERSION** |
| Defendants. | |

<u>**MEDTRONIC COREVALVE, LLC AND MEDTRONIC, INC.'S RESPONSIVE LETTER BRIEF IN OPPOSITION TO SPEYSIDE MEDICAL, LLC'S MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DR. STEPHEN BRECKER**</u>

OF COUNSEL:

Moez M. Kaba
Christine M. Woodin
Julia Haines
HUESTON HENNIGAN LLP
523 W 6th Street, Suite 400
Los Angeles, CA 90014

Christina V. Rayburn
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

Joseph Bianco
HUESTON HENNIGAN LLP
1 Little West 12th St., Floor 2
New York, NY 10014

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendants*

Dear Judge Burke,

Medtronic writes this letter in opposition to Speyside's Motion to Strike the Supplemental Expert Report of Dr. Stephen Brecker.   Because Dr. Brecker's Supplemental Expert Report ("Supplemental Report") is expressly permitted and agreed-to in the Court's Scheduling Order and was provided in response to new opinions and information revealed for the first time in a reply expert report and ensuing deposition, Dr. Brecker's Supplemental Expert Report is proper and Speyside's Motion to Strike should be denied.

**Relevant Background**

The Scheduling Order in this case expressly allows experts to supplement their expert reports in the manner Dr. Brecker has:

> ii.   <u>Expert Report Supplementation.</u>  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

D.I. 35 § 8(f)(ii).  Pursuant to this section of the Scheduling Order, Medtronic filed Dr. Brecker's Supplemental Report as Exhibit 20 in support of its Motions for Summary Judgment and *Daubert* motions.  *See* D.I. 350, Ex. 20.

Dr. Brecker submitted his Supplemental Report in order to address new claim construction and infringement opinions first articulated in Speyside expert Dr. Nigel Buller's September 6, 2023 reply expert report and later at Dr. Buller's September 28, 2023 deposition.  *See* D.I. 380, Ex. A ¶¶ 2-3.  In response to the new information and opinions from Dr. Buller, Dr. Brecker opines in his Supplemental Report that: "Dr. Buller's infringement opinions with respect to various claims depend on Dr. Buller's subjective interpretations of claim language, which, in my opinion are not the 'plain and ordinary' meaning of the claim language." *Id.* ¶ 3.  Dr. Brecker also opines that, "if Dr. Buller's proposed 'constructions' for certain claim language were to be credited or adopted, it is my opinion that Dr. Buller's construction would fail to provide a POSITA with reasonable certainty regarding the scope of the relevant claims and would therefore render the relevant claims indefinite." *Id.*; *see also id.* ¶¶ 14-16 (discussing Dr. Buller's opinions regarding "preventing the flow of blood through the valve"); 17-21 (discussing Dr. Buller's opinions re "forming a seal"); 22-25 (discussing Dr. Buller's opinions re "while holding the guidewire tubing stationary").  Dr. Brecker's Supplemental Report opinions directly support Medtronic's Motion to Exclude Dr. Buller's testimony applying late-breaking claim construction opinions.  *See* D.I. 344 at 37.

**Legal Standard**

When determining whether a party's "failure" to disclose was justified or harmful, and deciding whether to strike potentially critical evidence, courts consider the six *Pennypack* factors: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence.  *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977).  "[T]he exclusion of critical evidence is an 'extreme'

1

sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopolous v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Pennypack*, F.2d at 904-05).

**Dr. Brecker's Supplemental Report is Proper and Should Not Be Excluded.**

In arguing that the Court should strike Dr. Brecker's Supplemental Report, Speyside points to language in one section of the Scheduling Order, which states that "[n]o other expert reports will be permitted without either the consent of all parties or leave of the Court." D.I. 35 § 8(f)(i).  But Speyside inexplicably ignores language in the ***very next subsection*** making clear that the parties have expressly agreed to allow the other party to supplement expert reports in connection with motions briefing, including case-dispositive motions.  *See id.* § 8(f)(ii).  This is precisely what Medtronic has done here.  As such, Speyside agreed to permit Medtronic to submit Dr. Brecker's Supplemental Report, which was filed in support of Medtronic's *Daubert* motions briefing.  *See* D.I. 350, Ex. 20. The portion of the Scheduling Order cited by Speyside is therefore inapplicable.

Further, the *Pennypack* factors plainly support inclusion of Dr. Brecker's Supplemental Report. As to factor (1), Dr. Brecker's supplemental expert report addresses Dr. Buller's belated claim constructions for three key claim limitations: (1) "preventing the flow of blood through the prosthetic valve," (2) "forming a seal," and (3) "while holding the guidewire tubing stationary," constructions that Speyside's expert Dr. Buller presented for the first time in his September 4, 2023 reply report, *see* D.I. 350, Ex. 21 (Buller Reply Rpt.) ¶¶ 30-52, 54-61, 176-81.  Dr. Buller then ███████████████████████████████████████████████.  *See* Ex. 1 (Buller Tr.) at 122:5-131:1, 92:22-100:25, 234:19-236:25.

Speyside argues that the Supplemental Report sets forth new theories that were never previously disclosed by Medtronic.  *See* D.I. 380 at 2.  But this is necessarily true where Dr. Brecker's report responds to indefinite constructions that Dr. Buller revealed only in his reply expert report and subsequent deposition.  *See* D.I. 350, Ex. 21 ¶¶ 30-52, 54-61, 176-81.  Dr. Buller's opening expert report did not explain what subjective constructions of "preventing the flow of blood," "forming a seal," or "while holding the guidewire tubing stationary" he was applying in reaching his infringement opinions.  *See, e.g.*, D.I. 350, Ex. 13 (Buller Op. Rpt.) ¶¶ 353-359, 192-195, 689-691.  Nor did Dr. Buller's Opening Report provide sufficient information to determine whether his subjective constructions of these claim terms were indefinite.  *See id.*

To be clear, these three claim terms ***do*** have a plain and ordinary meaning that is ***not indefinite***. As such, it is only logical that Medtronic did not argue they were indefinite before Dr. Buller revealed his subjective claim constructions for these terms.  As Dr. Brecker states in his Supplemental Report, it is only if Dr. Buller's late-disclosed constructions were to be credited or applied that the relevant claims would be indefinite. D.I. 380, Ex. A ¶¶ 3, 15, 20, 23. Striking Dr. Brecker's Supplemental Report would effectively destroy Medtronic's ability to respond to Dr. Buller's belated constructions for these terms or show that they are indefinite.  As a result, striking Dr. Supplemental Report would be an "extreme" and inappropriate sanction. *See Huber Engineered Woods LLC v. Louisiana-Pacific Corp.*, No. 19-cv-342-VAC-SRF, 2022 WL

18707841, at *11 (D. Del. Nov. 17, 2022), *report and recommendation adopted*, 2022 WL 18705809 (Dec. 12, 2022). Accordingly, this factor weighs against exclusion.

As to factor (2), Speyside does not explain or describe any prejudice arising from Dr. Brecker's Supplemental Report. Nor can it. The parties' Scheduling Order expressly recites, in a subsection titled "Expert Report Supplementation," that the parties "will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions)." *See Board of Regents, the University of Texas System v. Boston Scientific*, No. 18-cv-00392-GBW, 2022 WL 5241931 at *2 (D. Del. Oct. 6, 2022) (considering the exact same language in the operative Scheduling Order and rejecting any claim of prejudice resulting from an expert declaration submitted at the time of summary judgment).

Speyside cannot claim that further fact discovery would have been relevant to Dr. Brecker's opinions about Dr. Buller's indefinite constructions of these claim terms. And when Medtronic filed Dr. Brecker's Supplemental Report, ***Dr. Brecker still had not been deposed***. Speyside deposed Dr. Brecker on October 10, 2023. *See* D.I. 357. At his deposition, Speyside was free to question Dr. Brecker about the opinions in his Supplemental Report, but Speyside chose not to. Accordingly, this factor weighs against exclusion.

As to factor (3), there is no likelihood of a disruption of the trial in this case, which is still nearly five months away. Speyside has not identified anything relevant to this factor, which again weighs against exclusion.

As to factor (4), Speyside has not identified any prejudice caused by the Supplemental Report. But even if it had, any such prejudice could have easily been cured. As discussed above, when Dr. Brecker submitted his Supplemental Report, he still had not been deposed. *See TQ Delta, LLC v. ADTRAN, Inc.*, No. 14-cv-954-RGA, 2019 WL 4346530, at *3 (D. Del. Sep. 12, 2019) (finding that prejudice caused by previously undisclosed opinions could be cured where the plaintiff could still depose the expert). This factor weighs against exclusion as well.

As to factor (5), the timing of Dr. Brecker's Supplemental Report is only natural. Simply put, Dr. Brecker could not have addressed Dr. Buller's indefinite proposed claim constructions before Dr. Buller had actually described and explained them. Dr. Buller's opening report did not do this. *See* D.I. 350, Ex. 13 ¶¶ 353-359, 192-195, 689-691. Dr. Brecker explained his constructions only in his reply report and at his deposition. *See* D.I. 350, Ex. 21 ¶¶ 30-52, 54-61, 176-81.

As to factor (6), Medtronic has not acted willfully or in bad faith. Rather, it has acted consistently with the Scheduling Order, which Speyside agreed to, to address Dr. Buller's belated claim construction opinions. Speyside does not argue that Medtronic has acted in bad faith. As such, this final factor weighs against exclusion.

For the foregoing reasons, Medtronic respectfully requests that the Court deny Speyside's Motion to Strike Dr. Brecker's Supplemental Expert Report.

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON & FINGER, P.A.

OF COUNSEL:                                One Rodney Square
                                           920 North King Street
Moez M. Kaba                               Wilmington, DE 19801
Christine M. Woodin                        (302) 651-7700
Julia Haines                               farnan@rlf.com
HUESTON HENNIGAN LLP                       metzler@rlf.com
523 W 6th Street, Suite 400
Los Angels, CA 90014
                                           *Attorneys for Defendants Medtronic*
                                           *CoreValve, LLC and Medtronic, Inc.*
Christina V. Rayburn
Neil G. Anderson
HUESTON HENNIGAN LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

Joseph Bianco
HUESTON HENNIGAN LLP
1 Little West 12th St., Floor 2
New York, NY 10014


Dated:  October 24, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2023, true and correct copies of the foregoing document

were caused to be served on the following counsel of record as indicated:

<table>
<tr>
<td>

**<u>BY ELECTRONIC MAIL</u>**
Jack B. Blumenfeld
Brian P. Egan
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

</td>
<td>

**<u>BY ELECTRONIC MAIL</u>**
Steven C. Cherny
Anne-Raphaëlle Aubry
Quinn Emanuel Urquhart & Sullivan, LLP
111 Huntington Avenue Suite 520
Boston, MA 02199

</td>
</tr>
<tr>
<td>

**<u>BY ELECTRONIC MAIL</u>**
James E. Baker
Brian P. Biddinger
Jared Kneitel
Matthew Robson
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010

</td>
<td></td>
</tr>
</table>

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com