

Kelly E. Farnan
(302) 651-7705
farnan@rlf.com

December 20, 2023

**BY CM/ECF**

The Honorable Gregory B. Williams
United States District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:   *Speyside Medical, LLC v. Medtronic Corevalve, LLC, et al.*,
             C.A. No. 20-361-GBW-CJB

Dear Judge Williams:

    We write on behalf of Defendants Medtronic CoreValve, LLC and Medtronic, Inc. ("Medtronic") regarding the pretrial conference and trial dates in this case, in response to the letter filed by Speyside Medical, LLC ("Speyside") earlier today. *See* D.I. 449.

    Speyside raises a conflict with the March 1, 2024 pretrial conference due to a February 26, 2024 trial before Judge Noreika (*PureWick Corp. v. Sage Products LLC*, C.A. No. 22-102-MN). In that case, after soliciting the parties' positions and availability, Judge Noreika reset the *PureWick* trial to February 26, 2024. *See PureWick Corp. v. Sage Products LLC*, C.A. No. 22-102-MN at D.I. 195, D.I. 197. Of note, despite having an opportunity to do so, counsel for Speyside did not inform the *PureWick* Court of the potential conflict posed by the March 1, 2024 pretrial conference date in this case. *Id.* at D.I. 196 (November 7 joint letter in which counsel for PureWick provides no conflicts with the proposed February trial setting). Equally of note, this all happened six weeks ago. *Id.*

    Speyside has known of this conflict since November 8, but first informed counsel for Medtronic last week. In response, Medtronic proposed that the parties jointly request a few-week continuance in light of both Speyside's new conflict and an existing conflict with the trial date for counsel for Medtronic.

    Specifically, one of Medtronic's lead attorneys, Christine Woodin of Hueston Hennigan LLP, is expecting a child in February 2024, and thus will be on maternity leave during the current trial setting of March 11, 2024. Ms. Woodin has had a large role in defending Medtronic against Speyside's claims thus far in this case, and, but for a conflict with maternity leave, would have an equally important role at trial. Medtronic has asked Speyside for an adjustment to the trial date in light of Ms. Woodin's upcoming leave, and Speyside has opposed.

    Now that Speyside has its own conflict with the currently set dates, subject to the Court's availability, Medtronic requests a short continuance to April 1, 2024 to accommodate Ms. Woodin's leave. A continuance is well-within the trial court's discretion, and is warranted in these circumstances. *See Victaulic Company v. ASC Engineered Solutions*, LLC, No. 1:20-cv-00887-GBW (D. Del.) (granting an unopposed request to reset the trial date by two months, in part because counsel for one party was expecting a child around the existing trial date); *3G Licensing, S.A. et al v. HTC Corporation* 1:17-cv-00083-GBW (D. Del.) (granting a joint request to move the trial date due to witness availability). In particular, a continuation is warranted

The Honorable Gregory B Williams
December 20, 2023
Page 2

because: (1) it would allow Ms. Woodin to participate at trial; (2) the requested extension is modest; (3) lead counsel for Speyside has a conflict with the existing pretrial conference date; and (4) Speyside is now proposing placing the pretrial conference a mere week before trial, which would put unnecessary pressure on the parties attempting to prepare for trial in light of pretrial conference rulings.

Defendants have several times sought Speyside's agreement (or non-opposition) to a brief continuance considering the circumstances. Speyside has identified no conflicts with an extension to April, instead simply indicating it opposes any change to the trial date. Yet, the proposed few-week continuance will not be prejudicial to Speyside. Speyside is not seeking an injunction and does not have a competing product, nor have they identified *any* prejudice to a continuance other than generalized statements that the case has been pending for "years." *See, e.g.,* D.I. 449. Medtronic, however, would be prejudiced without a continuance by having to defend against Speyside's sizable damages claim without its choice of counsel.

Should the Court keep the March 11, 2024 trial date, in light of the February 7, 2024 pretrial order and Speyside's conflict, Medtronic respectfully requests that the pretrial conference be moved to the week of February 19, 2024. This will allow the parties to incorporate the Court's rulings while preparing for trial. Any conflict with trial preparation in the *PureWick* case is a product of Speyside's counsel's making, as they failed to inform the Court of the March 1, 2024 pretrial conference date in this case when Judge Noreika requested availability for the week of February 26. *See PureWick Corp. v. Sage Products LLC*, C.A. No. 22-102-MN, D.I. 196.

We understand the Court has a busy schedule and appreciate Your Honor's consideration of this request.

Counsel are available should Your Honor have any questions.

Respectfully,

/s/ *Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:   All Counsel of Record (via CM/ECF)